FILED

2013 Feb-19  PM 02:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN  DIVISION

| | | |
|---|---|---|
| **LISA YEGIN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **vs.** | ) | Civil Action Number |
| | ) | **2:12-cv-03882-AKK** |
| **BBVA COMPASS,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Lisa Yegin brings this action for declaratory judgment, equitable relief, and money damages against her former employer BBVA Compass ("Compass") for purported violations of the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010, 12 U.S.C. § 5301 *et seq.*  ("Dodd-Frank Act"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and § 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981.  *See* doc. 1. Compass seeks to dismiss two of Yegin's Dodd-Frank Act claims and compel arbitration of the remaining claims.  Doc. 5. The motion is fully briefed and ripe for review.  *See* docs. 5, 10 and 11.  For the reasons stated more fully below, the court **GRANTS** Compass's motion.

# I. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 129 S. Ct. at 1949 (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*, at 1949 (citing *Bell Atl. Corp.*, 550 U.S. at 557).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged." *Id*. (citation omitted).  The complaint must establish

"more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also*

*Bell Atl. Corp.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a

right to relief above the speculative level.").  Ultimately, this inquiry is a "context-

specific task that requires the reviewing court to draw on its judicial experience

and common sense." *Iqbal*, 129 S. Ct. at 1950.

## II. PROCEDURAL AND FACTUAL BACKGROUND[1]

Compass hired Yegin as a contract employee in June 2011 and promoted

her to a full time Data Security Analyst II position in August.  Doc. 1 at ¶¶ 6-7.

As an analyst, Yegin reported to Operations Manager Aleta Washington, an

African American female.  *Id*. at ¶ 7.  Soon after Compass hired Yegin, it began

investigating Washington for alleged racial discrimination against two Caucasian

employees.  *Id*. at ¶ 8.  Washington asserted that the complaints were frivolous and

sought support from Yegin by saying "I need you to back me up[,]  I need you on

my team" and repeatedly asking Yegin to participate in the investigation on

Washington's behalf.  *Id*. at ¶9.  Additionally, Washington instructed Yegin to

---

[1]"When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)).  However, legal conclusions unsupported by factual allegations are not entitled to that assumption of truth.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009).

avoid any contact with the Caucasian employees who filed the discrimination complaint. *Id*. at ¶ 10. Each time Washington approached her, Yegin informed Washington that she "would not pick sides if interviewed" and would not lie on Washington's behalf. *Id*. at ¶ 11. Yegin also relayed this information to Washington's supervisor, Vice President Larry Boone. *Id*. In response, Washington allegedly began picking at, counseling, and threatening to discipline Yegin. *Id*. at ¶ 12. To avoid further problems with Washington, Yegin applied for a departmental transfer in November 2011. *Id*. at ¶ 13. Although Compass typically prohibits transfers of employees with less than twelve months of employment at Compass, Yegin petitioned Boone for an exception in December 2011 and Boone agreed. *Id*.

A week after the transfer, Yegin informed Human Resources Partner Crystal Berryhill that Washington was indeed discriminating against Caucasian employees. *Id*. at ¶ 14. Yegin also reported that Washington referred to her as "light brown" because Yegin was biracial and that a coworker, Cassandra Brown, referred to Yegin as her "nigga." *Id*. at ¶ 15. Yegin followed this report with a detailed statement regarding her concerns of unequal work schedules, training opportunities, consequences, dissemination of information and job opportunities within the department. *Id*. at ¶ 16. This statement also included information

4

regarding what Yegin believed were possible violations of the Sarbanes-Oxley Act. *See id.* at ¶¶ 17-21. Berryhill relayed Yegin's concerns to Washington and Boone and, in response, the three met with Yegin. *Id.* at ¶¶ 22-23. During the meeting, Boone and Washington purportedly threatened to discipline Yegin "if they found evidence of insubordination." *Id.* at ¶ 24. Some time during the next two weeks, Boone suspended Yegin with pay, purportedly due to an investigation. *Id.* at ¶ 24.

During this investigation, Yegin met with Berryhill and Senior Human Resources Vice President Jan Naccari and later with Naccari and Security Officer Mike Whitt. *Id.* at ¶ 26. At the final meeting on January 6, 2012, Naccari offered Yegin a severance package and informed Yegin that he would discharge her if she refused the offer. *Id.* at ¶ 27. Yegin apparently rejected the severance because Naccari terminated Yegin at that meeting allegedly due to "her behaviors during a meeting on December 20, 2011 [that] caused her management to become concerned that she posed a risk to the security of BBVA Compass's computer systems." *Id.* at ¶¶ 28-29.

Presumably in response to an EEOC charge Yegin filed, White, Boone and Washington submitted affidavits to the EEOC in support of their termination decision. *Id.* at ¶ 31. These affidavits referenced an incident where an African

American Data Security Analyst inadvertently deleted part of the Compass computer infrastructure.  *Id*. at ¶¶ 31-32.  However, Compass did not terminate this analyst but instead transferred the analyst to a different position within the company.  *Id*. at ¶ 34.

### III. ANALYSIS

In her complaint, Yegin alleges claims under Title VII, § 1981, and the Dodd-Frank Act and its associated regulations (15 U.S.C. § 78u-6, 18 U.S.C. 1514A, and 12 U.S.C. § 5567).  *See* doc. 1.  Yegin concedes that her claims under 18 U.S.C. 1514A and 12 U.S.C. § 5567 fail as a matter of law because she did not exhaust her administrative remedies.  Doc. 10 at 8.  Accordingly, Compass's motion to dismiss those claims is **GRANTED**.

Compass also contends that Yegin's remaining claims are subject to binding arbitration pursuant to a term in Yegin's employment contract.  Doc. 5.  Yegin counters that the arbitration agreement is unenforceable in its entirety because it purports to require arbitration of disputes exempted under 18 U.S.C. § 1514A(e)(2).[2]  Doc. 10 at 1-2.  In other words, although Yegin concedes that her Dodd-Frank claim fails, she asserts nonetheless that she can rely on this Act to invalidate the arbitration agreement she signed.  Yegin supports this contention primarily by contrasting the language of § 1514A with language from other

---

[2] This provision states that "[n]o predispute arbitration agreement shall be valid or enforceable, if the agreement requires arbitration of a dispute arising under this section." 18 U.S.C. § 1514A(e)(2).

sections that specifically void only specific portions of the offending arbitration agreement. *Id*. at 2, citing 12 U.S.C. § 5567(d)(2). However, in light of the Federal Arbitration Act's broad policy in favor of upholding arbitration agreements, the court finds this contention unavailing. The court joins instead the Fifth Circuit in holding that where a plaintiff does not have any claims arising under the Dodd-Frank Act, invalidating an arbitration agreement in its entirety due to its broad language is unreasonable. *Holmes v. Air Liquide USA, LLC*, No. 12-20129, 2012 WL 5914863 at *2 (5th Cir. November 26, 2012), citing *Birdwell v. Skeen*, 983 F.2d 1332, 1337 (5th Cir. 1993); *cf. Gonzales v. Oregon*, 546 U.S. 243, 267 (2006). In short, because Yegin's Dodd-Frank Act claims fail as a matter of law, "the Act does not foreclose arbitration here." *Holmes,* 2012 WL 5914862 at *2. Accordingly, Compass's motion to compel arbitration of Yegin's remaining claims is **GRANTED**.

## IV. CONCLUSION

For the reasons stated above, Yegin's claims under 18 U.S.C. 1514A and 12 U.S.C. § 5567 are **DISMISSED with prejudice**. Moreover, the court **COMPELS** arbitration with respect to Yegin's remaining claims pursuant to the parties' agreement.

**DONE** this 19th day of February, 2013.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE